IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TOSOH CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00138-JRG |
| | § | |
| DENTAL DIREKT GMBH, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Opposed Motion for Jurisdictional Discovery and Briefing Schedule (the "Motion") filed by Plaintiff Tosoh Corporation ("Plaintiff"). (Dkt. No. 22.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **GRANTED-AS-MODIFIED**.

On February 26, 2024, Plaintiff filed suit against Dental Direkt GmbH ("Defendant") for patent infringement. (Dkt. No. 1.) On December 16, 2024, Defendant moved to dismiss for lack of personal jurisdiction. (Dkt. No. 21.) On December 30, 2024, Plaintiff moved for jurisdictional discovery. (Dkt. No. 22.) In the Motion, Plaintiff seeks the following:

1. Five (5) interrogatories;

2. Ten (10) requests for production;

3. Four (4) hours of party deposition testimony (virtual);

4. five (5) hours of third-party deposition testimony; and

5. Depositions by written questions of the declarant.[1]

---

[1] If the party deponent is Defendant's declarant, Plaintiff, at its choosing, will proceed with either live deposition or deposition by written question, but not both.

(*Id.* at 4.)[2] Plaintiff also requests 60 days to complete jurisdictional discovery and 14 days after the completion of jurisdictional discovery to respond to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. (*Id.*; *see also* Dkt. No. 22-12.)

Defendant agrees to Plaintiffs' request for "five (5) interrogatories, ten (10) requests for production, and four (4) hours of party deposition testimony—or, alternatively, deposition by written questions." (Dkt. No. 24 at 5.) Defendant opposes Plaintiff's request for third-party discovery and the duration of jurisdictional discovery. (*Id.* at 5-8.) Defendant argues that Plaintiff fails to make the requisite showing of the need for third-party jurisdictional discovery. (*Id.* at 5-7.) Defendant argues that Plaintiff's proposed duration of jurisdictional discovery is unnecessary. (*Id.* at 7-8.) Defendant proposes that six weeks for the completion of jurisdictional discovery and for Plaintiff to respond to Defendant's Motion to Dismiss is sufficient. (*Id.*)

The Court has discretion to allow targeted jurisdictional discovery. *Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000) ("A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.") (cleaned up). In all cases, discovery decisions "must . . . adhere to the liberal spirit of the Rules" of Civil Procedure. *U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 469 (5th Cir. 2015), *aff'd sub nom. State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 580 U.S. 26 (2016). The Court's discretion—and the broad thrust of the Rules of Civil Procedure—extends to jurisdictional discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

---

[2] There is a dispute on whether Defendant "reneged" on the parties' negotiated agreement concerning the scope and schedule for jurisdictional discovery. However, the Court does not find it necessary to consider or explore this allegation in ruling on the Motion.

Having considered the parties briefing, the Court is of the opinion that Plaintiff should be permitted to take narrowly tailored discovery to facilitate a fair and full adjudication of the parties' jurisdictional disputes, including third-party discovery. Defendant does not dispute that jurisdictional discovery is appropriate in this case. Instead, Defendant argues that the "Motion wholly fails to connect its conclusory assertions about Defendant's non-party, U.S. distributors with any cognizable theory of personal jurisdiction over Defendant in this case." (Dkt. No. 24 at 5.) However, contrary to Defendant's assertion, Plaintiff has identified a potentially cognizable theory of personal jurisdiction over Defendant through its third-party distributors. Specifically, the stream of commerce theory.[3] Plaintiff is entitled to conduct jurisdictional discovery related to supporting jurisdiction under the stream of commerce theory.

Accordingly, the Court **GRANTS-AS-MODIFIED** Plaintiff's Motion (Dkt. No. 22) Accordingly, it is **ORDERED** that the following discovery may be taken:

1. Five (5) interrogatories;

2. Ten (10) requests for production;

3. Four (4) hours of party deposition testimony (virtual);

4. Depositions by written questions of the declarant;[4] and

5. five (5) hours of third-party deposition testimony.[5]

The parties shall complete jurisdictional discovery within fifty (50) days after entry of this Order. Plaintiff shall respond to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 21) within ten (10) days after the close of jurisdictional discovery. Any reply or sur-reply shall

---

[3] While Plaintiff did not use the specific phrase "stream of commerce" in the Motion, it is clear that Plaintiff's request for third-party discovery, limited to two of Defendant's distributors, is directed to the stream of commerce theory. (*See* Dkt. No. 22 at 5-6 (citing the Corrected First Amended Complaint for Patent Infringement, which discusses the stream of commerce); *see also* Dkt. No. 26 at 2-3.)

[4] If the party deponent is Defendant's declarant, Plaintiff, at its choosing, will proceed with either live deposition or deposition by written question, but not both.

[5] Limited to depositions of VITA North America and Henry Schein, Inc. of no more than 2.5 hours each.

thereafter proceed in accordance with the local rules of this Court.

**So Ordered this**

**Feb 10, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

4