IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TOSOH CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00138-JRG |
| | § | |
| DENTAL DIREKT GMBH, | § | |
| | § | |
| *Defendant.* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is the Motion to Compel Discovery from Defendants (the "Motion") filed by Plaintiff Tosoh Corporation ("Plaintiff"). (Dkt. No. 67). In the Motion, Plaintiff moves to compel Defendant Dental Direkt GmbH ("Defendant") to produce (a) all documents responsive to Interrogatory No. 4 and Request for Production ("RFPs") Nos. 1, 4, and 9; (b) samples of all products encompassed by RFP Nos. 20 and 21; and (c) produce documents responsive to all RFPs regarding D29 Products. (*Id*. at 3–7). Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that it should be **GRANTED**.

I.   **LEGAL STANDARD**

The rules of discovery "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-

cv-00042, 2020 WL 6559869, at *2 (E.D. Tex. Nov. 9, 2020) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)).  Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show specifically why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted.  *Id*.

## II.   ANALYSIS

Plaintiff moves to compel Defendant to produce three (3) categories of materials that Plaintiff alleges are "highly relevant and material . . . for [Plaintiff's] infringement proofs." (Dkt. No. 67 at 3).  The Court addresses each in turn.

### (a) Complete responses to Interrogatory No. 4 and RFP Nos. 1, 4, and 9

Plaintiff moves to compel Defendant to produce "complete copies of the responsive files for each of its products" that are responsive to Interrogatory No. 4 and RFP Nos. 1, 4, and 9. (Dkt. No. 67 at 3–5).  Plaintiff specifically seeks to obtain documents relating to the testing of the accused products. (*Id*. at 3–4).  According to Plaintiff, there is no reason why Defendant has not produced these documents yet as it has represented to the U.S. Food and Drug Administration that it would "keep and maintain nearly every document that is created from the pre-design stage through commercialization, including all testing that has been performed" on the accused products. (*Id*. at 4).

Defendant argues that the Court should deny Plaintiff's request for three (3) reasons. (Dkt. No. 71 at 6).  First, Defendant contends that Plaintiff's discovery requests are "irrelevant." (*Id*.).  As support, Defendant notes that Plaintiff seeks information on products that it has not accused of infringement. (*Id*.).  Second, Defendant maintains that the requests are "overly broad, unduly burdensome and not proportional" to the needs of this case. (*Id*.).  Defendant points out that RFP

No. 1 asks for "all documents" relating to a "litany" of categories for every zirconia product and RFP No. 9 requests "all documents" relating to "any regulatory filing." (*Id.*). Third, Defendant insists that compulsion is unnecessary as it has already supplemented its response with about 4,700 pages of additional documents. (*Id.*). However, and despite these reasons, Defendant represents that it "will be producing documents additional documents in the coming days to moot the issue and resolve this dispute." (*Id.*).

The Court finds that compulsion is appropriate here. As an initial matter, these requests are relevant to this case because they seek information on the accused products. (*See* Dkt. No. 67 at 3–4). Although the requests extend to unaccused products, the Court is not convinced that there is a "bright-line rule that unaccused product sales information is immune from discovery." *Athalonz LLC v. Under Armour, Inc.*, No. 2:23-cv-00193-JRG, 2024 WL 1744064, at *4 (E.D. Tex. Apr. 22, 2024). Further, Defendant's representation that it will produce the requested documents may be taken as an implicit admission that the requested information is relevant. (Dkt. No. 71 at 6). The requested information therefore falls within the scope of permissible discovery.

Additionally, Defendant has not shown that Plaintiff's request is overly broad, unduly burdensome, or disproportionate to the needs of this case. Indeed, it is undisputed that Defendant must have maintained nearly every document that it created from the pre-design stage through commercialization for all of its FDA-regulated products. (Dkt. No. 67 at 4; Dkt. No. 71 at 6). Further, any concerns regarding the undue burden of producing appropriate responses to Plaintiff's request are mitigated by Defendant's representation that it will produce the documents. (Dkt. No. 71 at 6).

Accordingly, the Court finds that this portion of the Motion should be **GRANTED**.

**(b) Production of physical samples that are responsive to RFP Nos. 20 and 21**

Plaintiff moves to compel Defendant to produce "samples of all of the products encompassed by [RFP Nos.] 20 and 21." (Dkt. No. 67 at 6). Plaintiff argues that compulsion is necessary as Defendant has failed to produce "a single product" since Plaintiff served the RFPs on Defendant on September 3, 2025, more than 72 days ago. (*Id*. at 5).

Defendant argues in response that the Court should deny Plaintiff's request for two (2) reasons. (Dkt. No. 71 at 5). First, Defendant argues that the requests are overly broad, unduly burdensome and not proportionate to the needs of the case. (*Id*.). As support, Defendant notes that Plaintiff has requested three samples of each of the products identified in Defendant's response to Interrogatory No. 1. (*Id*.). Second, Defendant argues that the request is moot as "[Plaintiff's] counsel received the physical samples on November 18." (*Id*. (citing Dkt. No. 71-1 ¶ 17)).

The Court finds that compulsion is warranted. As an initial matter, the Court notes that Defendant has not argued that the physical samples are irrelevant to this case. (*See* Dkt. No. 71). The physical samples therefore fall within the permissible scope of discovery. Moreover, the Court is not convinced that Plaintiff's request is overly broad, unduly burdensome, and not proportionate to the needs of the case. Indeed, Defendant represents that it was able to send Plaintiff the requested samples. (Dkt. No. 71 at 5).

Accordingly, the Court finds that this portion of the Motion should be **GRANTED**.

**(c) D29 products**

Plaintiff moves to compel Defendant to produce documents concerning the D29 Products that are responsive to all RFPs and to produce physical samples of each D29 Product. (Dkt. No. 67 at 7). Plaintiff argues that compulsion is warranted because, while the D29 Products accounted for 66% of the products Defendants have sold in 2025, Defendant only first disclosed D29 Products

4

in October 23, 2025. (*Id*. at 6). Further, Plaintiff points out that Defendant's disclosure only related to Interrogatory No. 1. (*Id*.). According to Plaintiff, Defendant's failure to disclose these products constitutes a "material omission." (*Id*.).

Defendant argues in response that the Court should deny Plaintiff's request for two (2) reasons. (Dkt. No. 71 at 7). First, Defendant appears to argue that the D29 product is irrelevant to this case. (*Id*.). As support, Defendant asserts that Plaintiff's "sole infringement theory" in this case "appears to be" indirect infringement, but the D29 products require customer modification. (*Id*.). Second, Defendant contends that this request is moot in light of Defendant's production. (*Id*.). Specifically, Defendant represents that it has already supplemented its written discovery responses regarding the D29 products, produced relevant documents "of which it is aware," and provided physical samples of the products. (*Id*.).

Again, the Court finds that compulsion is appropriate. The D29 products appear to be relevant to this case, i.e., Plaintiff maintains that these products infringe the asserted patents. (Dkt. No. 67 at 7). Further, Defendant's inclusion of these products in its supplemental response to Interrogatory No. 1 also indicates that the D29 products are indeed relevant. (Dkt. No. 71 at 7). Additionally, Defendant has not advanced any other reason why discovery should not be permitted. (*See* Dkt. No. 71 at 7).

Accordingly, the Court finds that this portion of the Motion should be **GRANTED**.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 67) should be and hereby is **GRANTED**. Accordingly, the Court **COMPELS** Defendant, to the extent that it has not already done so, to:

5

1. produce complete copies of the responsive files for each of its products that are responsive to Interrogatory No. 4 and RFP Nos. 1, 4, and 9;
2. produce samples of all of the products encompassed by RFP Nos. 20 and 21; and
3. produce documents concerning the D29 Products that are responsive to all RFPs and to produce physical samples of each D29 Product.

Given that Defendant has represented in regard to certain of the above that it has or is in the process of producing what the Motion seeks, the parties shall jointly file a status report herein, within 21 days hereof, confirming what, if anything, compelled hereby has not yet been produced and when it will be produced in compliance herewith.

**So ORDERED and SIGNED this 11th day of December, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE