**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TOSOH CORPORATION, | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00138-JRG |
| DENTAL DIREKT GMBH, | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on May 27, 2026 regarding pending pretrial motions, motions *in limine* ("MILs"), and disputed exhibits between Plaintiff Tosoh Corporation ("Tosoh") and Defendant Dental Direkt GmbH ("Dental Direkt") (together, the "Parties"). (Dkt. Nos. 90, 105, 114-19, 135, 163, 164.) This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Dental Direkt's Opposed Motion to Strike Plaintiff's Infringement Contentions (Dkt. No. 90)**

The Motion was **DENIED**.

2. **Tosoh's Opposed Motion for Leave to Amend Infringement Contentions (Dkt. No. 105)**

The Motion was **GRANTED**.

**3. Tosoh's Motion to Strike Certain Testimony of Dental Direkt's Technical and Damages Experts (Dkt. No. 116)**

The portion of the Motion regarding § 112 invalidity opinions is **GRANTED**, in light of the fact that the defenses of lack of enablement and lack of written description are no longer in the case. Accordingly, the Court struck all mentions of § 112 invalidity opinions in ¶¶ 3, 22, 158-169, 189, 193, 219, 222, 243, 244, 246, 249, 250, 272, 273, 275, 278, 279 of Dr. Griggs's report and from his accompanying claim charts.

The portion of the Motion regarding Dr. Griggs's uncharted references was **GRANTED IN PART** and **DENIED IN PART**. The Court struck all express references to Yamashita '630, Young, Fujisaki '742, and Tsuyoshi '450, as well as ¶¶ 349, 355, 359, 375, 389, 393, 404, 463, 465, 474, 476, 477, 479, and 481. Additionally, the Court made the following partial strikes: for ¶ 348, everything after "set forth in other prior art references" in the third sentence; for ¶ 355, everything after the first sentence; for ¶ 404, everything after the first sentence.

For the portion of the Motion regarding Mr. Chase's reasonable royalty opinion, the Court **GRANTED** leave to amend Mr. Chase's report, solely to include the specific undisputed dates which had not been included.

The portion of the Motion regarding non-infringing alternatives ("NIAs") was **GRANTED**. The Court struck ¶¶ 70-99 of Dr. Griggs' rebuttal report, and ¶¶ 88 n.90, 105, 122-36, 140, 161, 184, 185, 188, 194, and 204-06 (as well as attachments 200-02, 360, and 361) of Mr. Chase's rebuttal report.

The remaining portions of the Motion—regarding comparable licenses, Dr. Griggs' obviousness opinions, and Mr. Chase's rebuttal opinion on lost profits—were **DENIED**.

4. **Dental Direkt's Motion to Exclude Improper Opinions and Testimony of Dr. Alan Goedde (Dkt. No. 117)**

The Motion was **DENIED**. Dr. Goedde may not provide a lost profits analysis but may opine as to what potential lost sales would be considered as part of the hypothetical negotiation

5. **Dental Direkt's Motion to Exclude Improper Opinions and Testimony of Dr. Gary Fischman (Dkt. No. 118)**

The Motion was **DENIED** in its entirety.

6. **Dental Direkt's Motion for Partial Summary Judgment of Invalidity of Claims 1, 2, 4-6, 9, 17, and 18 of U.S. Patent No. 11,548,825 (Dkt. No. 114)**

The Motion was **DENIED AS MOOT** by agreement of the Parties.

7. **Dental Direkt's Motion for Partial Summary Judgment of No Objective Indicia of Nonobviousness (Dkt. No. 115)**

The Motion was **DENIED**.

8. **Dental Direkt's Motion for Partial Summary Judgement of No Infringement (Dkt. No. 119)**

The Motion was **DENIED**.

9. **Dental Direkt's Motion to Compel Plaintiff to Produce Rule 12(a)(2)(B) Test Results (Dkt. No. 135)**

The Motion was **DENIED** as untimely. The Motion was filed April 10, 2026, despite the deadline for discovery dispute motions in the above-captioned case being March 25, 2026.

10. **Parties Opposed Motions *in Limine* (Dkt. No. 163, 164)**

   a. *Tosoh's Motion* in Limine *1: preclude evidence, testimony, or argument regarding Tosoh's infringement contentions, or unaccused products.*

This MIL was **DENIED**, as the Court found that the relief Tosoh sought via this MIL is already covered by the Court's standing *Limine* Order No. 1, which precludes reference to dropped claims,

products, and other matters not at issue. The Court advised that Dental Direkt may approach the bench and seek leave to raise such evidence if Tosoh opens the door to such.

*b. Tosoh's Motion* in Limine *2: preclude evidence, testimony, or argument regarding physical samples of Ivoclar products.*

This MIL was **GRANTED AS AGREED**.

*c. Tosoh's Motion* in Limine *3: preclude evidence, testimony, or argument regarding lost profits as a damages theory.*

This MIL was **GRANTED** as to lost profits as a theory for damages, but the Court noted that it should not be construed as an outright exclusion of substantive evidence regarding lost sales.

*d. Tosoh's Motion* in Limine *4: preclude evidence, testimony, or argument regarding a party's or its counsel's retention of the same expert in other matters.*

This MIL was **GRANTED AS AGREED**.

*e. Dental Direkt's Motion* in Limine *1: exclude evidence, argument, and testimony regarding objective indicia of nonobviousness.*

This MIL was **DENIED**.

*f. Dental Direkt's Motion* in Limine *2: exclude evidence, argument, and testimony regarding Tosoh's pre-suit testing of accused products.*

This MIL was **DENIED**.

*g. Dental Direkt's Motion* in Limine *3: exclude Tosoh's experts from testifying regarding undisclosed opinions relating to "full density" and "0% porosity."*

This MIL was **DENIED**.

*h. Dental Direkt's Motion* in Limine *4: exclude evidence, argument, and testimony regarding willful blindness*.

This MIL was **DENIED**.

*i. Dental Direkt's Motion* in Limine *5: exclude Tosoh's undisclosed theory of inducement according to which the accused products necessarily infringe*.

This MIL was **DENIED**.

**11. Parties' Exhibit Disputes**

Tosoh's exhibits in all disputed buckets except bucket number 2 were **PRE-ADMITTED** without objection, subject to any conditions the Parties read into the record.

Dental Direkt's exhibits in disputed buckets 1, 3, 4, 6, 7, 8, 9, and 10 were **PRE-ADMITTED** without objection, subject to any conditions the Parties read into the record.

Tosoh's disputed exhibit PTX 63 (bucket number 2) was **PRE-ADMITTED** but exclusively for use by Dr. Fischman.

The disputed exhibits in Dental Direkt's bucket number 2 were **PRE-ADMITTED** for use by expert witnesses. The Court directed that if these exhibits are to be used with non-expert witnesses, counsel will first have to approach the bench and seek leave to publish before the jury.

The disputed exhibits in Dental Direkt's bucket number 5 were **PRE-ADMITTED**, subject to the redactions ordered by the Court.

**So ORDERED and SIGNED this 31st day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE