**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| TOSOH CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00138-JRG |
| | § | |
| DENTAL DIREKT GMBH, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Dental Direkt GmbH ("Defendant")'s Motion To Exclude Improper Opinions and Testimony of Dr. Gary Fischman (the "Motion"). (Dkt. No. 189). In the Motion, Defendant ask the Court to strike the report of Plaintiff Tosoh Corporation ("Plaintiff")'s (together with Defendants, the "Parties") expert witness, Dr. Gary Fischman, based on the Court's Memorandum Claim Construction Opinion and Order (Dkt. No. 172) ("Claim Construction Order") finding certain terms that include the phrase "relative density" should be afforded their plain and ordinary meanings. (Dkt. No. 189 at 1).

## I. BACKGROUND

The Court issued its Claim Construction Order on May 19, 2026. (Dkt. No. 172). In that Claim Construction Order, the Court found that terms including "relative density" should be afforded their plain and ordinary meanings. (*Id.* at 21). In relevant part, the Parties disputed whether the asserted claims' use of "relative density," which depends on "measured density," rendered the claims indefinite. (*Id.* at 11). The Court resolved this dispute finding the terms not indefinite, rejecting Defendant's position. (*Id.* at 16). The Court also declined to adopt Plaintiff's proposed constructions because (1) Plaintiff's proposed constructions differed based on the

meaning of the term "theoretical density" as used and defined in the respective asserted patents; and (2) there was no dispute as to the term "theoretical density." (*Id.* at 16 n.1). Indeed, Defendant only argued that even if Plaintiff's constructions were used, they were still indefinite. (*Id.* (citing Dkt. No. 62 at 7)). Absent a meaningful dispute beyond whether the terms were indefinite, the Court found that a plain and ordinary meaning construction would suffice. (*Id.*).

By the time the Claim Construction Order issued, the Parties had already completed briefing for their respective *Daubert* motions. (Dkt. No. 96 at 3); L.R. CV-7(f). Defendant sought leave to file the instant Motion out of time, arguing that Dr. Fischman's report does not apply the Court's claim constructions. (Dkt. No. 188). The Court granted such leave and now considers the instant Motion. (Dkt. No. 203).

## II. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires trial courts to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied regarding a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). Such courts are given broad discretion in making Rule 702 admissibility determinations. *Kumho Tire*, 526 U.S. at 152 ("a judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert's testimony is reliable"). Although the Fifth Circuit and other courts have

identified various factors that the court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury to consider. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gatekeeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits"). As the Supreme Court explained, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## III. DISCUSSION

Defendant contends that Dr. Fischman's report should be struck because Plaintiff failed to update his report following the Claim Construction Order and in so doing, failed to apply this Court's claim construction. (Dkt. No. 189 at 6). Defendant highlights Dr. Fischman's report, in which he expressly acknowledges that "for my infringement analysis I have relied upon

[Plaintiff]'s proposed construction" for the term "relative density." (Dkt. No. 118-2 ¶¶ 172, 241, 297). Defendant argues that Dr. Fischman's application is inconsistent with the plain and ordinary meaning prescribed by the Court because Dr. Fischman's opinions necessarily limits the method by which to measure relative density "to a specific formula calculation of 'theoretical density.'" (Dkt. No. 189 at 4 n.2). Defendant argues that as a result, Dr. Fischman's analysis necessarily contradicts the Court's claim construction and must be stricken. (Dkt. No. 189 6-7 (collecting cases)).

Plaintiff responds that Dr. Fischman's analysis applies the plain and ordinary meaning because the Court did not reject Plaintiff's approach—rather the Court applied plain and ordinary meaning given the lack of dispute of the meaning of theoretical density. (Dkt. No. 207 at 4-6).

Plaintiff's position is correct. The Court expressly found that plain and ordinary meaning would suffice because the Parties appeared to only meaningfully dispute whether the terms were indefinite. (Dkt. No. 172 at 16, 16 n.1). Accordingly, the Court saw no need to, and did not, apply a specific construction. (*Id.*).

Although Defendant argues that Dr. Fischman's analysis improperly narrows the meaning of the term "relative density" from its plain and ordinary meaning, Defendant cites no precise sections or paragraphs of his report where he does so. Rather, Defendant cites only the paragraphs in which Dr. Fischman declares he applies Plaintiff's construction. (*See generally* Dkt. No. 189).[1] Reviewing the analyses Defendant seeks to strike, the Court does not find that Dr. Fischman forecloses any other meanings of the term. (*Contra id.*). Rather, he merely applies

[1] Defendant's strongest point might be that Dr. Fischman intended to apply only Plaintiff's proposed construction before the Court's Claim Construction Order. His report states that "[i]f the Court were to construe this term in a manner that differs from [Plaintiff's] proposed construction, I am prepared and reserve the right to supplement my report to address that construction as needed." (*E.g.*, Dkt. No. 118-2 ¶ 172 n.37). However, for the reasons stated herein, the Court has not construed the term in a manner that differs from Dr. Fischman's application thereof.

one meaning of relative density that appears to be reasonably based on the plain and ordinary meaning of the term. Indeed, Dr. Fischman expressly recites the asserted patents' own definitions of relative density when applying the term. (Dkt. No. 118-2 ¶¶ 170, 240, 296). In sum, Defendant's objection is one of form rather than substance.

Accordingly, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 9th day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE